UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JINNIE V. GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:22-cv-05541 |
| | ) | |
| v. | ) | |
| | ) | |
| RYDER INTEGRATED LOGISTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

# COMPLAINT

Plaintiff, Jinnie V. Grant ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Ryder Integrated Logistics, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), seeking redress for Defendant's unlawful race discrimination and retaliation in violation of Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under the Title VII.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. Plaintiff is an individual residing at Will County, Illinois.

10. Defendant operates a truck rental agency at 740 Pro Logis Parkway Romeoville, Will County, IL 60446, which is in this judicial district.

11. At all times relevant, Plaintiff was employed and worked at Defendant's truck rental agency location at 740 Pro Logis Parkway Romeoville, IL 60446.

## BACKGROUND FACTS

12. Plaintiff was hired on or about April 1, 2018 by Defendant as an inventory control clerk.

13. Plaintiff identifies as African-American (race) whom Defendant subjected to

different terms and conditions of employment than others not within her protected class.

14. Plaintiff is a member of a protected class because of her race (African-American).

15. Plaintiff consistently met Defendant's legitimate job expectations.

16. Plaintiff suffered multiple adverse employment actions including, but not limited to termination.

17. On or around June 1, 2021, Manager Guadalupe Torres (non-African-American) told Plaintiff "I am going to get rid of all the black people and replace them with Mexicans."

18. Shortly thereafter, African-American employees in Plaintiff's department were terminated for various reasons. However, non-African-American employees were not being terminated.

19. On or around September 1, 2021, Plaintiff questioned Manager Larry Tish (non-African-American) via e-mail as to why no African-American employees were ever nominated as employee of the month even though they met or exceeded the requirements.

20. Manager Larry Tish replied, "Mexicans are the only ones who work hard around here."

21. Soon after Plaintiff having sent the e-mail questioning the lack of African Americans being nominated to employee of the month, on or around September 1, 2021, the Plaintiff began to face retaliation.

22. Between September 1, 2021 and November 1, 2021, Plaintiff faced constant unwarranted accusations of insubordination and threats that Plaintiff would be terminated by Manager Guadalupe Torres.

23. On or around November 1, 2021, Plaintiff filed a complaint with Human Resources regarding being harassed and retaliated against due to her race.

24. However, no was taken in regards to Plaintiff's complaint and the harassment and discrimination continued.

25. On or around February 7, 2022, Plaintiff was placed on leave after suffering panic attacks at work due to the continued harassment and discrimination from Defendant's management.

26. Plaintiff has been discriminated against because of her race, (African-American) and color, in violation of the Title VII of the Civil Rights Act of 1964, as amended.

**COUNT I**
**Violation of 42 U.S.C. Section 1981**
**Race-Based Discrimination**

27. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

28. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

29. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

30. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

31. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**
**Color-Based Discrimination**

32. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

33. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, African-American and color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

34. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

35. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

36. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT III
**Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.**
**Race-Based Harassment**

37. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race, African-American, and her color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

39. Defendant knew or should have known of the harassment.

40. The race harassment was severe or pervasive.

41. The race harassment was offensive subjectively and objectively.

42. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race, African-American.

43. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
## Violation of 42 U.S.C. § 2000e, *et seq.*
## Retaliation

44. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

45. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

46. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

47. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race and color discrimination.

48. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

49. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race –based and color-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

50. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

51. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 10th day of October, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
**CHAD EISENBACK, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*